UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-cv-1125 |
| | ) | |
| DANIEL BULLOCK, individually and in his official capacity as Sheriff of St. Francois County, Missouri, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

1. Shirley L. Phelps-Roper (hereinafter "Plaintiff") is a United States citizen and member of Westboro Baptist Church (WBC). As part of her sincerely held religious beliefs, practices, and duties, Plaintiff desires to peacefully picket on public sidewalks near certain funerals. Plaintiff has participated in these protests throughout the United States and desires to conduct said protests in St. Francois County, Missouri, without fear of being arrested or prosecuted for engaging in activity protected by the First and Fourteenth Amendments.

2. Daniel Bullock (hereinafter "Defendant") has threatened to arrest Plaintiff and other members of her church if they picket anywhere from one hour before any funeral, memorial service, or burial, until one hour after.  He relies on R.S.Mo. §§ 578.501 and 578.502 for authority.  Defendant also volunteered that he would arrest Plaintiff or any other person who desecrates the flags of the United States or Missouri.  For this, he appears to rely on R.S.Mo. § 578.095.

1

3. On or about September 8, 2006, Defendant successfully chilled Plaintiff and other members of her church from engaging in a picket in St. Francois County by credibly threatening to arrest them for picketing, even in traditional public fora and in a manner clearly protected by the First Amendment. Defendant now seeks to prevent Plaintiff from picketing in St. Francois County on June 25, 2010.

4. This lawsuit contends that the enforcement of §§ 578.501, 578.502, and 578.095 impermissibly infringes upon individual rights to freedom of speech as set forth in the First Amendment to the Constitution of the United States and incorporated to the states by the Fourteenth Amendment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201 and 42 U.S.C. § 1983.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and E.D. Mo. L.R. 2.07(A)(1). Upon information and belief, Defendant is a resident of St. Francois County. Further, Plaintiff's claim for relief arises in St. Francois County.

## PLAINTIFF AND HER PICKETS

7. Plaintiff is a resident of Topeka, Kansas. She is a member of Westboro Baptist Church (hereinafter "WBC"). WBC follows Primitive Baptist and Calvinist doctrines. Based on these doctrines, church members, including Plaintiff, believe that homosexuality is an abomination, integrally related to idolatry, and indicative of the final reprobation of an individual; it follows, according to their beliefs, that acceptance of homosexuality by society prompts divine judgment. They further believe that God is punishing America for the sin of homosexuality and other policies that they believe promote sin by killing Americans, including

soldiers. Because God is omnipotent to cause or prevent tragedy, they believe that when tragedy strikes it is indicative of God's wrath.

8. Plaintiff and other church members have long expressed their religious views by engaging in picketing. They have picketed at churches, theaters, parades, colleges, government buildings, religious conventions, and various other public events that they view as promoting homosexuality, idolatry, and other sin. For many years, they have also picketed near funerals of gay persons, persons who died from AIDS, people whose lifestyles they believe to be sinful but who are touted as heroic upon their death, and people whose actions while alive had supported homosexuality and other activities they consider proud sin. The pickets only take place on sidewalks or similar traditional public fora. Plaintiff's pickets are not disruptive or undertaken to disrupt or disturb a funeral or burial service or a funeral procession.

9. The purpose of picketing near funerals is to use an available public platform to publish the religious message of Plaintiff and other church members: that God's promise of love and heaven for those who obey him in this life is counterbalanced by God's wrath and hell for those who do not. The funerals of soldiers, in Plaintiff's view, have become an internationally watched platform where the question of whether God is cursing or blessing America is being discussed. Plaintiff and her church believe that the scriptures teach that an individual who dies on the battlefield for a nation that is at enmity with God cannot go to heaven and, despite the views of public figures and the public at large, is not a hero. Further, they observe that the lives, deaths, funerals, and public mourning of soldiers are topics of intense and detailed public discussion, with frequent lengthy media reports and routine commentary by public figures, including elected officials, clergy, military leaders, and other leaders and by members of the public. For this reason, it is imperative to Plaintiff's faith that the published contradictory message from public

3

figures and others on this public topic be balanced with a scriptural message at the time it is being uttered. Further, Plaintiff and other church members believe that funerals, burials, and memorial services are times when the eyes, ears, and hearts of mankind are attending to matters of eternity. Plaintiff and her church believe it is too late for the dead, but not for the living to hear their message. Also, Plaintiff and her church believe that one of the great sins of America is idolatry in the form of worshiping the human instead of God and that, in America, this has taken the form of intense worship of the dead, particularly soldiers. For all of these reasons, the public platform surrounding certain funerals are the only place where Plaintiff's religious message can be delivered in a timely and relevant manner to those attending the funeral and to those participating in the public events and displays outside the funeral as well as the public at large.

10. In addition to holding up signs with messages, Plaintiff also expresses her viewpoint by use of flags, including the Flag of the United States. Uses of the Flag include wearing a Flag apron with red paint (representing blood) on it, holding the Flag upside down as a signal of distress, standing on the Flag, and allowing the Flag to drag along the ground. The purpose of utilizing the Flag in this manner is to express the message that the Flag is the Flag of Rebels who have no respect for God and that the Flag has become an idol for a nation of idolaters.

11. Defendant is the Sheriff of St. Francois County, a political subdivision of the State of Missouri.

12. Defendant is charged, as part of his duties under state law, with enforcing criminal statutes.

13. At all relevant times, Defendant was acting under color of state law.

**FACTUAL ALLEGATIONS**

4

14. The current version of Mo. Rev. Stat. § 578.501 took effect on July 6, 2006, upon being signed by former Governor Matt Blunt. It provides, *inter alia.*,

> It shall be unlawful for any person to engage in picketing or other protest activities in front of or about any location at which a funeral is held, within one hour prior to the commencement of any funeral, and until one hour following the cessation of any funeral. Each day on which a violation occurs shall constitute a separate offense. Violation of this section is a class B misdemeanor, unless committed by a person who has previously pled guilty to or been found guilty of a violation of this section, in which case the violation is a class A misdemeanor. Mo. Rev. Stat. § 578.501.2 (2006).

The statute defines the term funeral as meaning "the ceremonies, processions[,] and memorial services held in connection with the burial or cremation of the dead." Mo. Rev. Stat. § 578.501.3 (2006). The current § 578.501 is nearly identical to the former § 578.501, which became law upon being signed February 23, 2006, by the acting governor, Senator Michael Gibbons. The current law expanded the reach of the former law, which had banned pickets and protests only "in front of or about any church, cemetery, or funeral establishment."

15. Recognizing § 578.501 is unconstitutional and will inevitably be invalidated, the legislature enacted a contingent back-up provision-- § 578.502—to become effective "on the date the provisions of section 578.501 are finally declared void or unconstitutional by a court of competent jurisdiction." Mo. Rev. Stat. § 578.503 (2006). No court has yet declared § 578.501 void or unconstitutional. Section 578.502 is identical to § 578.501 except that instead of barring

5

protests and picketing "in front of or about" locations, it prohibits the same activities within 300 feet of the same locations.

17. On December 6, 2007, the Eighth Circuit in *Phelps-Roper v. Nixon,* 590 F.3d 480 (8th Cir. 2007), a case brought by Plaintiff, held that she had demonstrated that she is likely to prevail on the merits of her First Amendment challenge to a § 578.501.

18. On October 31, 2008, the Eighth Circuit granted the state officials' petition for panel rehearing and issued a new opinion, again finding Plaintiff was likely to succeed on the merits of several of her First Amendment claims. *See Phelps-Roper v. Nixon*, 545 F.3d 685 (8th Cir. 2008).

19. On January 7, 2009, the state officials' petition for rehearing en banc was denied.

20. On June 29, 2009, the state officials' petition for writ of certiorari was denied. *Nixon v. Phelps-Roper*, 129 S.Ct. 2865 (2009).

21. The Attorney General, the Governor, the Missouri Highway Patrol, and local law enforcement officials in Laclede and Carroll counties are enjoined from enforcing § 578.501. *See Phelps-Roper v. Nixon, et al.*, No. 2:06-cv-04156-FJG (W.D. Mo.).

22. Mo. Rev. Stat. § 578.095 was enacted in 1980. It provides,

> 1. Any person who purposefully and publicly mutilates, defaces, defiles, tramples upon or otherwise desecrates the national flag of the United States or the state flag of the state of Missouri is guilty of the crime of flag desecration.
>
> 2. National flag desecration is a class A misdemeanor.

23. In *Texas v. Johnson*, 491 U.S. 397 (1990), the Supreme Court of the United States held unconstitutional the application of a statute similar to § 578.095 to persons who would peacefully protest by burning a United States Flag.

24.     Plaintiff plans to conduct a picket from about 10:15 a.m. to about 11 a.m. on June 25, 2010, on public sidewalks, easements, or rights of way near West County High School, 768 Highway M, Park Hills, Missouri. The location is within Defendant's jurisdiction.

25.     On June 23, 2010, an attorney for Plaintiff's church contacted Defendant to inquire about any permit requirements and to insure that Defendant was aware of the First Amendment issues involved. Defendant told the church attorney that anyone who demonstrates at any location one hour before or one hour after the ceremony or burial will be arrested. He also volunteered that anyone who desecrates the Missouri flag or the Flag of the United States will be arrested. Advised on the Eighth Circuit's decision in *Phelps-Roper v. Nixon* and the injunction in place against state officials and other local law enforcement officials, Defendant responded: "I don't care; I don't need a law. That's what I'm telling you is going to happen if you are here an hour before or an hour after the ceremony or the burial." He also said, "I don't answer to anybody. I don't have to have anybody tell me what to do. I answer only to the people of St. Francois County."

26.     This is not the first attempt by Defendant to thwart Plaintiff's ability to picket in St. Francois County. Plaintiff had planned to picket in public fora near a funeral held in Farmington, Missouri on September 10, 2006. On September 8, 2006, an attorney for Plaintiff's church had a telephone conversation with Defendant regarding a planned picket. Defendant advised that any member of the church "within the sight area" of the location the funeral is held between the time one hour before the funeral until one hour after it is completed would be arrested. He advised the church representative that he did not care what the law said; he would enforce his line-of-sight rule. The same day, the attorney for the church wrote a letter to follow

7

up on the conversation in which she detailed Defendant's statements to her. No reply was received.

27. Another of Plaintiff's attorneys contacted Defendant by telephone on September 8, 2006, to confirm the information reported by the church's attorney. In that telephone conversation, Defendant confirmed that, by his interpretation, "in front of or about" a funeral included any location that could be seen from the funeral or funeral procession. He said that the distance would be at least five hundred feet. He further indicated that when the funeral procession was taken into account, there might well be no location in the City where Plaintiff intended to picket where it would be safe to picket without risking arrest. Finally, he told Plaintiff's attorney that church members should not come to the city at all if they did not want to be arrested.

28. On September 8, 2006, Defendant made public statements about the issue. He said he told church members and their attorneys "that we were drawing the line here in St. Francois County." He further publicly stated that the protest was not going to happen in St. Francois County and that if any church member was present at any point between one hour before and one hour after the funeral, he or she would be arrested.

29. Because of the statements made by Defendant to the church's attorney, counsel for Plaintiff, and the Sheriff's public statements, Plaintiff cancelled the September 10, 2006, picket because she feared arrest for engaging in First Amendment activity.

30. Plaintiff reasonably fears that Defendant will arrest her for engaging in a peaceful picket in St. Francois County on June 25, 2010, if he is not enjoined from enforcing §§ 578.501, 578.502, and 578.095, or any other law in a viewpoint discriminatory manner.

**COUNT I**

*Section 578.501 is unconstitutional under the free speech provisions of the First Amendment*

31. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

32. Section 578.501 is a content-based restriction on speech.

33. The government has no legitimate, compelling, or other interest to support § 578.501.

34. Section 578.501 is not narrowly tailored to achieve any compelling government interest.

35. In addition or in the alternative, even if § 578.501 is content-neutral, it fails intermediate scrutiny.

36. In addition or in the alternative, § 578.501 improperly prohibits speech in a public forum.

37. In addition or in the alternative, § 578.501 prohibits speech on private property.

38. In addition or in the alternative, § 578.501 is vague and overbroad.

39. In addition or in the alternative, § 578.501 does not leave open ample alternatives for speech.

40. In addition or in the alternative, § 578.501 as it is applied by Defendant is unconstitutional.

## COUNT II

*Section 578.502 is unconstitutional under the free speech provisions of the First Amendment*

41.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

42.     Upon this Court's final determination that § 578.501 is unconstitutional, § 578.502 takes effect.

43.     Section 578.502 is a content-based restriction on speech.

44.     The government has no legitimate, compelling, or other interest to support § 578.502.

45.     Section 578.502 is not narrowly tailored to achieve any compelling government interest.

46.     In addition or in the alternative, even if § 578.502 is content-neutral, it fails intermediate scrutiny.

47.     In addition or in the alternative, § 578.502 improperly prohibits speech in a public forum.

48.     In addition or in the alternative, § 578.502 prohibits speech on private property.

49.     In addition or in the alternative, § 578.502 is vague and overbroad.

50.     In addition or in the alternative, § 578.502 does not leave open ample alternatives for speech.

## COUNT III

*Violation of Due Process*

51. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

52. Defendant's threats to enforce § 578.502, even though it is not in effect, violates Plaintiff's Fourteenth Amendment right to substantive due process because they constitute state action intentionally taken in direct violation of state law that shocks the conscience or offends judicial notions of fairness.

## COUNT IV

*Sections 578.502 and 578.503 are unconstitutional vague and*

*fail to provide due process under the Fourteenth Amendment*

53. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

54. Under the terms of § 578.503, Plaintiff and others will have no notice of when § 578.502 goes into effect.

55. Section 578.503 is so vague as to deprive Plaintiff and others of reasonable intelligence of access to reasonably available facts that will let them know when § 578.502 has gone into effect.

## COUNT V

*Section 578.095 is unconstitutional under the First and Fourteenth Amendment as Applied to*

*Plaintiff's Use of the Flag for Expressive Purposes*

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the

11

foregoing paragraphs of this Complaint as fully set forth herein.

57. Plaintiff's use of the Flag for expressive purposes, as described above, is protected speech and the application of § 578.095 to her violates the First and Fourteenth Amendments for the reasons described in *Texas v. Johnson*, *supra.*, and *United States v. Eichman,* 496 U.S. 310 (1990).

58. There is no interest in arresting or prosecuting Plaintiff under § 578.095 that is unrelated to the suppression of expression.

WHEREFORE, the Plaintiff prays this Court:

    A.    Enter declaratory judgment finding §§ 578.501, 578.502, 578.503, and 578.095 unconstitutional.

    B.    Issue an appropriate temporary restraining order, preliminary injunction, and permanent injunction to prevent the future deprivation of Plaintiff's constitutional rights;

    C.    Award Plaintiff nominal damages not to exceed $1.00 for past deprivation of her constitutional rights;

    D.    Award Plaintiff's costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

    E.    Allow such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION OF
 EASTERN MISSOURI


/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, Mo. Bar # 518779
American Civil Liberties Union of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112

ATTORNEY FOR PLAINTIFF